Dear Mr. Stalder:
You requested an Attorney General's opinion regarding the Division of Prison Enterprises. You indicate that the Division of Prison Enterprises has been asked to participate in a joint venture with AquaTech Industries, LLC ("AquaTech") to operate a tilapia farm at the Louisiana State Penitentiary using inmate labor for production purposes. The operation will consist of transporting in live fingerling fish and transporting out live market size fish for processing. Under this agreement, the Louisiana Department of Public Safety and Corrections ("DPSC") will not assume ownership or responsibility for the product at any time. The principals involved in this potential venture will be the DPSC (Division of Prison Enterprises and the Louisiana State Penitentiary) and AquaTech. Stipulations to be included in this potential agreement are as follows:
 • DPSC will provide a facility (a currently unused concrete barn) to AquaTech;
 • All renovation needed for operations will be the responsibility of AquaTech (any permanent alterations or additions to the facility will become property of the DPSC at the end of the contract agreement);
 • AquaTech will provide all equipment necessary for operations;
 • AquaTech will provide direct line operational supervision of inmate workers including quality control;
 • DPSC will provide adequate security for the operation;
 • AquaTech will pay DPSC as a set rate based on inmate work hours.
You also indicate that the Louisiana State University Agricultural Center is interested in assisting and working with AquaTech, and conducting research in conjunction with this venture. Additionally, you indicate that a similar tilapia farm has indicated an interest in employing inmates upon their release from prison. You question whether the Division of *Page 2 
Prison Enterprises can legally enter into a cooperative endeavor with a private company to produce an agricultural commodity.
Prison Enterprises is governed by La. R.S. 15:1151 et seq.; R.S. 15:1153 provides in pertinent part:
 A. The department shall operate prison enterprises for the following purposes, which shall be given priority in the order listed:
 (1) To utilize the resources of the department in the production of food, fiber, and other necessary items used by the inmates in order to lower the cost of incarcerating the inmates.
 (2) To provide products and services to state agencies and agencies of parishes, municipalities, and other political subdivisions. The products and services shall be provided at the cost to the department for providing the goods and services.
 (3) To provide work opportunities for inmates in accordance with law.
 B. (1) The department may enter into cooperative endeavors with and request studies or reports from private citizens, the Louisiana State University Cooperative Extension Service, and the public colleges and universities in this state for the purposes of encouraging and facilitating production and marketing of agricultural commodities and research in the area of production of agricultural commodities and for the purpose of acquiring advice on the most cost effective utilization of the products of its agricultural system.
This statute mandates that DPSC operate Prison Enterprises to provide work opportunities for inmates. The statute also authorizes DPSC to enter into cooperative endeavors for the purposes of encouraging and facilitating production and marketing of agricultural commodities and research in the area of production of agricultural commodities. We also note that the mission of Prison Enterprises is:
 1. To utilize the resources of the department in the production of food, fiber, and other necessary items used by the inmates in order to lower the cost of incarceration;
 2. To provide quality products and services to state agencies and agencies of parishes, municipalities, and other political subdivisions;
 3. To provide work opportunities for inmates during incarceration and upon reentry to society. *Page 3 
The proposed cooperative endeavor appears to meet the requirements of R.S. 15:1153, and this type of project furthers the mission of Prison Enterprises. The project will provide work opportunities for inmates, will facilitate the production of an agricultural commodity, and will provide an opportunity for aquaculture research for the LSU Agricultural Center. Therefore, it is the opinion of our office that DPSC has the authority to enter into the proposed cooperative endeavor. However, in order to ensure that there are no public lease law issues associated with the cooperative endeavor, we request that prior to signing the proposed cooperative endeavor agreement, DPSC forward a final draft of the cooperative endeavor agreement to our office for final review.
You have also questioned whether the raw product can be processed in the State of Louisiana and sold on the open market. This office is unaware of, and our research did not reveal, any provision of state law which would prohibit the processing or sale of inmate produced commodities on the open market. In your opinion request, you noted that 18 U.S.C.A. 1761 addresses the transportation of prison-made goods. Unfortunately, we cannot opine on the applicability of 18 U.S.C.A. 1761 on the proposed cooperative endeavor, as our office does not give opinions on the application of federal law.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:__________________________ KENNETH L. ROCHE, III Assistant Attorney General
CCF, JR/KLR, III/jv